UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIY YEGOROV,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAUL KRAMER,<br><br>　　　　　Defendant. | No. 2:15-cv-1042 TLN GGH PS<br><br><br>ORDER |

　　　Plaintiff is proceeding in this action pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

　　　Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

　　　The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint must contain more than a "formulaic recitation of the elements of a cause of

7    action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16   Id.

17          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

18   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

19   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22          The factual allegations of the complaint are difficult to decipher, but plaintiff alleges

23   defendant Dr. Kramer committed medical malpractice against both plaintiff and his 72 year old

24   blind mother.  The complaint asserts in part that Dr. Kramer refused to provide medical care to

25   plaintiff and possibly (though unclear) his mother (not a party), (ECF No. 1 at 6, 5), refused to

26   prescribe plaintiff any medications for strong pain, (id. at 3), and stole a leather file belonging to

27   plaintiff's mother (id. at 2, 8).  Plaintiff also alleges that defendant prohibited plaintiff and his

28   mother from entering their church and attending the service.  (Id. at 4.)  Plaintiff further alleges

1  verbal abuse by defendant against plaintiff's mother, and threats of physical abuse against
2  plaintiff, (id. at 7-8).  Finally, plaintiff alleges that defendant sent bills to plaintiff after refusing to
3  provide him with medical care.  (Id. at 8.)  As his jurisdictional bases, plaintiff alleges violations
4  of "the law of the United States of America and state California protecting blind seniors and care
5  providers for the blind, and "crimes of conspiracy against petitioner and his mother under federal
6  law and law state of California." [Sic].  (Id. at 6, 7.)

7  The court is unable to determine a jurisdictional basis for this action.  A federal court is a
8  court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution
9  and by Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673,
10 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is
11 vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time
12 ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as
13 limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S.
14 Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either
15 party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593,
16 594-95 (9th Cir. 1996).

17 The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
18 question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
19 matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
20 Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
21 assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
22 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
23 to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
24 Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

25 For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship
26 must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For
27 federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise
28 under a federal law or the United States Constitution, (2) allege a "case or controversy" within the

1 meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369
2 U.S. 186, 198, 82 S. Ct. 691, 699-700 (1962).

3   Aside from the fact that the allegations are vague, the court can discern no conceivable
4 federal claim.  The complaint fails to allege a violation of any federal statute or any specific
5 clause of the United States Constitution.[1]  A less stringent examination is afforded pro se
6 pleadings, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), but simple reference to
7 federal law does not create subject matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690,
8 694 (5th Cir.1995).  Subject matter jurisdiction is created only by pleading a cause of action that is
9 within the court's original jurisdiction.  Id.

10   Nor has plaintiff alleged diversity jurisdiction, which may not be applicable here, as
11 plaintiff and defendant both appear to be citizens of California.  Since the only claims in the
12 amended complaint are for state law violations, the complaint may not go forward in this court
13 without diversity jurisdiction.  Therefore, plaintiff will be permitted to amend the complaint to
14 plead a proper jurisdictional basis that is supported by the facts.  Plaintiff is informed that the
15 amended complaint must allege only violations against himself.  If he continues to allege
16 violations against his mother, those claims will be dismissed for lack of standing.

17   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,
21 Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa
22 County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,
23 the original pleading no longer serves an operative function in the case.  Therefore, in an
24 amended complaint, as in an original complaint, each claim and the involvement of each

---

[1] Nor has plaintiff alleged a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), for which plaintiff would have no standing to bring any potential claims of his mother.  See Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). Plaintiff, who is proceeding in this action pro se, may proceed only on his own behalf.

defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint will result in a recommendation that this action be dismissed.

3. Failure to file an amended complaint that conforms with the requirements outlined above will result in a recommendation that this action be dismissed.

Dated: July 13, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Yegorov1042.fr

5